IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LONNIE HENRY BOOKER, JR.,

    Petitioner,                  No. CIV S-09-3219 EFB P

    vs.

G. SWARTHOUT,

    Respondent.                <u>ORDER</u>

                           /

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254. The matter was referred by Local Rule 302, pursuant to 28 U.S.C. § 636(b)(1), and is before the undersigned pursuant to the parties' consent. *See* 28 U.S.C. § 636. Respondent moves to dismiss on the ground that the petition is barred by the statute of limitations and contains an unexhausted claim. As explained below, the petition is untimely and the motion must be granted.[1]

    On May 3, 2006, petitioner pled no contest to one count of transportation of a controlled substance and admitted special allegations including a prior strike and two prior prison terms.

---

[1] After the motion was submitted, petitioner filed a motion to amend the petition to add four additional claims. Dckt. No. 14. Because this action is time-barred, and petitioner's proposed new claims are not subject to a later trigger date of the statute of limitations, amendment is futile. The motion to amend must therefore be denied.

1

Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 1, 2.  The Shasta County Superior Court sentenced petitioner to a determinate state prison term of twelve years.  Lodg. Doc. 1.  On May 3, 2007, the California Court of Appeal, Third Appellate District, affirmed the judgment.  Lodg. Doc. 2.  Petitioner sought review in the California Supreme Court, which was denied on July 11, 2007.  Lodg. Docs. 3-4.

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).  In this case, the statute of limitations began to run when petitioner's conviction became final on direct review.  *See* 28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied review on July 11, 2007.  Lodg. Doc. 4.  The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on October 9, 2007.  Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).  The one-year limitations period commenced running the following day.  *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until October 9, 2008, to file his federal habeas petition.  However, petitioner did not file the instant petition until November 15, 2009.[2]  Dckt. No. 1.  Absent tolling, the petition was filed over one year after the limitation period ended.

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ."  *Nino v.*

---

[2] Unless otherwise noted, the court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions.  *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

*Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). If the limitations period has run, however, it cannot be revived by a collateral action. *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001).

Petitioner filed four petitions for post-conviction relief in the state courts. Lodg. Docs. 5 (Shasta County Superior Court petition,[3] filed November 6, 2009), 7 (Shasta County Superior Court petition, filed November 19, 2009), 9 (California Court of Appeal, Third Appellate District, filed November 19, 2009), 11 (California Court of Appeal, Third Appellate District, filed December 11, 2009). The earliest of these petitions was filed on November 6, 2009. Lodg Doc. 5. Because petitioner waited over a year after the federal statute of limitations period expired before filing his first state habeas petition, he is not entitled to statutory tolling. *See Jiminez*, 276 F.3d at 482.

The limitations period may be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner has the burden of showing facts entitling him to equitable tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

Petitioner asserts that he was prevented from raising claims sooner because he is illiterate and had to find a competent person to assist him with his legal claims. Pet'r's Opp'n at 1, Ex. A. As noted, equitable tolling is only available if the petitioner demonstrates that he acted diligently. *Pace*, 544 U.S. at 418. Here, petitioner fails to demonstrate that he acted diligently.

---

[3] This petition did not include a signature date pr proof of service. As such, the filing date is the date on which the petition was received by the court.

1 He claims generally that his ability to timely file was impaired because he cannot read or write
2 and had to find a competent person to assist him.  He claims that once he found a competent
3 person to help him, he proceeded diligently in the state courts.  Pet'r's Opp'n at 2.  However,
4 petitioner fails to state with specificity any actions he took to find a competent person to assist
5 him, or to otherwise mitigate the delay caused by his illiteracy.  His conclusory claim is
6 insufficient to satisfy his burden of demonstrating he acted diligently.  Further, it is settled "that
7 a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance
8 warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

9 Petitioner has not shown he is entitled to either statutory or equitable tolling.  His petition
10 must therefore be dismissed as untimely and the court need not address the issue of exhaustion.

11 Accordingly, it is hereby ORDERED that:

12 1. Respondent's April 2, 2010 motion to dismiss is granted;

13 2. Petitioner's November 9, 2010 motion to amend is denied; and

14 3. The Clerk is directed to close the case.

15 Dated: February 7, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE